**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**
**CASE NO. 3:20-cv-535-CRS**

| | |
|---|---|
| **ATTICA SCOTT,** *et al.* | **PLAINTIFFS** |
| v. | |
| **LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT,** *et al.* | **DEFENDANTS** |

\*\*\* \*\*\* \*\*\* \*\*\*

<u>**Electronically Filed**</u>
**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Come the Defendants, Mayor Greg Fischer ("Mayor Fischer") and Chief Robert Schroeder ("Chief Schroeder"), and Assistant Chief LaVita Chavous ("Chief Chavous") (collectively "the Defendants"), in their individual capacity only,[1] by counsel, and submit the following Answer to Plaintiffs' First Amended Complaint (R. 32).

For purposes of this Answer, the Defendants submit Plaintiffs' First Amended Complaint (R. 32) contains all of the allegations contained in their original First Amended Complaint (R. 1), although at times appearing as different paragraph numbers throughout most of that pleading due to the addition of new allegations or re-worded allegations as well. Given the length of Plaintiffs' First Amended Complaint, the Defendants reaffirm and incorporate, as if fully set out herein, each defense, affirmative or otherwise, which was presented in their original Answer to the

---

[1] The Defendants still have pending a Partial Motion to Dismiss, filed prior to Plaintiff's First Amended First Amended Complaint, for those claims asserted against Louisville/Jefferson County Metro Government; Mayor Greg Fischer, in his official capacity; Chief Robert Schroeder, in his official capacity; and Assistant Chief LaVita Chavous, in her official capacity. (R. 18). The present Answer, like the Answer made before it (R. 17), goes only to those claims asserted against the Defendants in their individual capacities. The Defendants re-assert and re-affirm their still-pending Partial Motion to Dismiss in full.

corresponding allegation or claim made in this amended filing, if any, regardless of paragraph or numbering. The Defendants further make the following response to any new or re-worded allegations:

### FIRST DEFENSE

1. Defendants are without sufficient information or knowledge to admit or deny the truth or falsity of the allegation in "Preliminary Statement" of Plaintiffs' First Amended Complaint and therefore deny the same.

2. Defendants are without sufficient information or knowledge to admit or deny the truth or falsity of the allegations as contained in ¶¶ 7, 80, 245, 246, 247, 248, 249, 250, 252, 253, 254, 255, 256, 257, 272 and 274 of Plaintiffs' First Amended Complaint, and therefore deny the same.

3. Defendants deny ¶¶ 111, 114, 115, 251, 273, 278, 292 and 303 of Plaintiffs' First Amended Complaint.

4. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of those allegations contained in ¶¶ 112 and 113 of Plaintiffs' First Amended Complaint and denies the same. Additionally, the same appears to attempt to recite or restate in part the record of the present federal case, and therefore the Defendants submit that such record speaks for itself and for which no response is required. However, to the extent that such paragraphs can be interpreted as asserting any allegation of wrongdoing or liability against the Defendants, the same are denied.

5. Defendants are without sufficient information and/or knowledge with which to form a belief as to the truthfulness of those allegations contained in ¶¶ 121 and 122 of Plaintiffs' First Amended Complaint and denies the same. Additionally, the same appears to attempt to recite

or restate in part news and/or print media and/or social media, and as such the Defendants submit that such media speaks for itself and for which no response is required. However, to the extent that such paragraph can be interpreted as asserting any allegation of wrongdoing or liability against the Defendants, the same is denied.

6. Any allegation not expressly admitted is denied, including prayer for relief, specifically the injunctive relief.

## SECOND DEFENSE

7. Plaintiffs' First Amended Complaint fails to state a claim and/or cause of action upon which relief can be granted and the same should therefore be dismissed and held for naught.

8. Plaintiffs' First Amended Complaint is barred in whole, or in part, by the doctrines of *res judicata* and collateral estoppel.

9. In addition, or in the alternative, Plaintiffs' First Amended Complaint is barred, in whole or in part, by waiver, laches, and/or by the applicable statute(s) of limitation.

## THIRD DEFENSE

10. The Defendants are immune from the liability sought to be imposed upon it by Plaintiffs' First Amended Complaint, in whole or in part, by and including but not limited to the doctrines of sovereign and/or governmental and/or absolute and/or qualified and/or common law immunity and/or statutory immunity under state or federal law.

11. At all times mentioned in Plaintiffs' First Amended Complaint, the Defendants acted in good faith, without malice, and within the scope of their duties.

12. The Defendants are not liable for its acts or omissions to act while exercising reasonable due care in the execution and enforcement of any law, public duty or responsibility.

13. At all times relevant to Plaintiffs' First Amended Complaint, the Defendants acted reasonably, lawfully, and in good faith such that they are immune from Plaintiffs' suit.

14. At all times set forth in Plaintiffs' First Amended Complaint, the actions of the Defendants in all respects, were reasonable, proper, legal and without wrongful intent, impact or effect and without malice.

## FOURTH DEFENSE

15. The Defendants are not liable for exemplary or punitive damages in any sum, or at all.

16. In addition, or in the alternative, Plaintiffs' claims for exemplary or punitive damages are barred by law.

## FIFTH DEFENSE

17. Any loss or injury claimed or alleged by the Plaintiffs was due and caused by their own conduct or own negligence, which conduct or negligence was the proximate cause of any loss or injury alleged by the Plaintiffs.

18. In addition, or in the alternative, any loss or injury claimed or alleged by Plaintiffs was caused solely by reason of Plaintiffs' own wrongful act(s) and conduct and not by any reason or wrongful act or omission by the Defendants.

19. In addition, or in the alternative, any loss or injury claimed or alleged by Plaintiffs was directly and proximately contributed to or caused by the actions or conduct of persons or entities other than the Defendants, by the superseding, intervening negligence, intention, conduct or omission of such persons or entities.

**SIXTH DEFENSE**

20. That there has been insufficient process and/or service of process upon the Defendants herein, and the Plaintiffs' First Amended Complaint should therefore be dismissed and held for naught.

**SEVENTH DEFENSE**

21. Plaintiffs' First Amended Complaint herein is barred, in whole or in part, by lack of subject matter and/or personal jurisdiction.

**EIGHTH DEFENSE**

22. Plaintiffs' First Amended Complaint herein is barred, in whole or in part, by improper venue.

**NINTH DEFENSE**

23. Plaintiffs' First Amended Complaint fails to state a claim for violation of Plaintiffs' constitutional rights and/or rights under federal or state law.

**TENTH DEFENSE**

24. The Defendants reserves the right, pursuant to F.R.C.P. 15, to assert additional defenses, whether affirmative or otherwise, about which the Defendants presently lack sufficient knowledge or information, but which may become available during the course of this litigation through discovery or other means, including but not limited to the venue and choice of law to be applied in this action.  Defendants incorporate by reference and adopt as part of this Answer all those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure.

25. Any allegation not specifically admitted in this Answer is specifically and generally denied.

**WHEREFORE,** Defendants respectfully request:

1. That Plaintiffs' First Amended Complaint be dismissed with prejudice;

2. Trial by jury;

3. Their costs herein expended, including a reasonable fee for their attorneys; and

4. For any and all other relief to which they may appear appropriately entitled.

Respectfully submitted,

*/s/ Chris J. Gadansky*
CHRIS J. GADANSKY
JAMES E. MCKIERNAN, III
McBrayer PLLC
500 West Jefferson Street
Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
cgadansky@mcbrayerfirm.com
jmckiernan@mcbrayerfirm.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2020, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notice of electronic filing to the registered counsel.

*/s/Chris J. Gadansky*

CHRIS J. GADANSKY