**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| ATTICA SCOTT, et al., | |
| Plaintiffs, | |
| v. | |
| LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, et al., | Civil Action No. 3:20-cv-0535 (BJB) (CHL) |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM OF LAW REGARDING**
**DEADLINE FOR MOTION FOR CLASS CERTIFICATION**

Plaintiffs submit this memorandum of law in support of their request that the motion for class certification be due on April 1, 2022—one month after the close of fact discovery. Order, Oct. 25, 2021, DN 67 (requesting briefing).

Plaintiffs are permitted to seek discovery on matters relevant to class certification before filing. To ensure an adequate opportunity to develop the necessary factual record, Rule 23 was amended to provide more time for complete discovery, asking courts to resolve the question of class certification "at an early practicable time" as opposed to "as soon as practicable." Fed. R. Civ. P. 23(c)(1)(A) Advisory Committee Notes to 2003 amendment. Recognizing the importance of developing this record—as well as the inherent enmeshment of class and merits discovery in this case—over one year ago, all parties agreed to a scheduling order which contemplated completion of full merits discovery before the filing of a class certification motion.

Now, Defendants ask, for the first time and nearly one year into discovery, to force Plaintiffs to seek class certification before the close of fact discovery. But such an artificial deadline would not be practicable; most, if not all, of merits discovery in this case will be relevant

to assessing Plaintiffs' entitlement to proceed as a class. Requiring an early motion would simply result in duplicative and successive motion practice for this Court. The implication of Defendants' request—that discovery be bifurcated—should be rejected, given the considerable overlap between discovery relevant to class certification and that relevant to the merits and the prejudice that would befall Plaintiffs.

## BACKGROUND

Plaintiffs commenced this action on July 30, 2020, and filed an Amended Complaint on September 11, 2020. On November 10, 2020, the parties filed a joint proposed scheduling order with a fact discovery deadline of July 1, 2021, which this Court entered on November 13, 2020. DN 39; DN 40. That Order did not set separate deadlines for class discovery and merits discovery. On November 25, 2020, this Court denied Defendants' motion to dismiss Plaintiffs' claims against Defendant Louisville/Jefferson County Metro Government ("City"), reasoning that Plaintiffs had adequately alleged that the City maintained a policy of constitutional violations. *See* DN 42. Thereafter, the parties filed an amended proposed scheduling order on December 18, 2020, with the same discovery deadlines. DN 45. Again, Defendants did not seek to bifurcate class certification and merits discovery, and the scheduling order entered by the Court set a single discovery deadline for both. *Id*.

From December 2020 to June 2021, both parties served discovery requests seeking information related to both class certification and the merits. On two occasions, after Defendants failed to timely produce discovery, Plaintiffs sought intervention from this Court. The Court held discovery conferences on April 16, 2021, and on June 10, 2021. Defendants did not request the bifurcation of class discovery and merits discovery during either conference. Thereafter, the parties filed a joint motion to extend the deadline for fact discovery until November 1, 2021, which this

Court granted. DN 61; DN 62. Neither the joint motion nor the Court's Order included separate deadlines for class discovery and merits discovery.

Defendants again failed to produce relevant and discoverable information for months, prompting Plaintiffs to request another discovery conference on September 20, 2021. This Court scheduled that conference for October 14, 2021. On October 11, 2021, Defendants contacted Plaintiffs to propose a new discovery schedule that, for the first time, included a requirement that Plaintiffs' motion for class certification be due before the close of fact discovery. Plaintiffs objected, noting that merits discovery and class discovery are likely to be significantly intertwined, rendering such bifurcation inappropriate. Plaintiffs specifically noted that discovery related to whether the City maintained a policy of unconstitutional responses to protests, including the depositions of the named Defendants and certain nonparties, will be central to both Plaintiffs' motion for class certification and Plaintiffs' claims. Plaintiffs thus proposed that their motion for class certification be due one month after the close of fact discovery.

Defendants acknowledge that "deposing the named parties is frankly key to making the motion," and that Plaintiffs are "entitled to discovery with respect to our policy and procedures," Emails from Chris Gadansky to Ashok Chandran, et al. (Oct. 21, 2021, 2:27 PM and 4:21 PM) (attached as Ex. A), but nonetheless demand that Plaintiffs move for class certification one month before the close of fact discovery. In this way, Defendants insist that Plaintiffs finish discovery relevant to class certification well before the close of fact discovery—though they have never explained how to separate class discovery from merits discovery in this case.

**ARGUMENT**

Plaintiffs' motion for class certification should be due one month after the close of all fact discovery. Such a deadline is consistent with the Court's previous scheduling orders and the parties' approach to discovery during the last eleven months. And, most importantly, this deadline

best serves the interests of the case, the parties, and the Court. Requiring the filing of Plaintiffs'

motion for class certification before the close of fact discovery would not be practicable, given the

likelihood that such a motion would simply need to be refiled after the close of discovery, on a

complete record. This duplicative and unnecessary motion practice would simply delay resolution

of this case.

At heart, Defendants' request to set an earlier deadline for class certification is the

functional equivalent of a request to bifurcate discovery. But here, bifurcation is inappropriate;

there is no way to separate the merits of Plaintiffs' claims from their entitlement to class

certification—a point which Defendants have not disputed—and bifurcating class and merits

discovery would thus only serve to waste the parties' and the Court's resources.

## I. REQUIRING CLASS CERTIFICATION BEFORE THE CLOSE OF FACT DISCOVERY WOULD NOT BE PRACTICABLE

Although Rule 23 asks courts to resolve the question of class certification "at an early

practicable time," it "does not mandate precipitate action." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069,

1086 (6th Cir. 1996) (citation omitted). Rather, courts should focus on ensuring that the party

seeking class certification has an adequate opportunity to develop the record necessary to support

such a motion. *Id.* Indeed, the 2003 amendments to Rule 23 specifically sought to ensure that class

certification was not artificially rushed, and to "allow . . . more time for class discovery." *China*

*Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 (2018).

Plaintiffs are entitled to "sufficiently broad" discovery to ensure a "realistic opportunity to

meet the requirements of class certification." *Whitlock v. FSL Mgmt., LLC*, No. 3:10-CV-562-

JHM-DW, 2011 WL 13176446, at *4 (W.D. Ky. Aug. 25, 2011) (citation omitted). Only such

broad discovery will enable the Court to engage in the "rigorous analysis" required by Rule 23.

*Davis v. Cintas Corp.*, 717 F.3d 476, 484 (6th Cir. 2013) (quoting *Gen. Tel. Co. of the Sw. v.*

*Falcon,* 457 U.S. 147, 161 (1982). As such, the burden of demonstrating relevance to questions of class certification is "not a heavy one." *Whitlock*, 2011 WL 13176446, at \*4; *accord In re Ins. Premium Loc. Tax Litig*., No. 06-141-DLB, 2008 WL 544474, at \*5 (E.D. Ky. Feb. 25, 2008) (citing *United States v. Legget & Platt, Inc.,* 542 F.2d 655, 657 (6th Cir. 1976)). Here, to proceed as a class, Plaintiffs must establish "a uniform policy or practice, or a common mode amidst the various acts of discretion" that affected all putative class members. *Miller v. Countrywide Bank, N.A. (In re Countrywide Fin. Corp. Mortg. Lending Pracs. Litig.*), 708 F.3d 704, 710 (6th Cir. 2013). This inquiry largely—if not wholly—overlaps with *Monell* discovery. *See infra*, Section II(A).

Forcing Plaintiffs to seek class certification before the close of merits discovery creates a substantial risk that Plaintiffs will need to file duplicative motions to supplement the factual record as new discovery comes to light. For example, in *Doe v. City of Memphis*, the Sixth Circuit reversed and remanded for further discovery after the district court struck class allegations nearly two years into discovery. 928 F.3d 481 (6th Cir. 2019). The Sixth Circuit held that "further discovery could provide Plaintiffs [the evidence needed to satisfy the requirements of Rule 23(a)]." *Id.* at 497; *accord Hasken v. City of Louisville*, No. 3:00-CV-546-S, 2001 WL 1792450, at \*1 (W.D. Ky. May 21, 2001) (denying motion for class certification, but giving plaintiffs leave to renew "at the close of discovery"). In *City of Memphis*, similar to here, the "theory of the case largely turn[ed] on whether there was a pattern or practice" and additional discovery was required to resolve that issue. *City of Memphis*, 928 F.3d at 497; *see also Lyngaas v. Curaden AG*, 992 F.3d 412, 429 (6th Cir. 2021) (noting that "summary judgment and class certification occurred simultaneously" in view of the "natural progression of litigation and evidentiary discovery").

In sum, Defendants' proposed scheduling order is ultimately more likely to delay a decision on class certification than to expedite one. The arbitrary deadline proposed by Defendants would also create a meaningful risk of prejudice to Plaintiffs, each of whom have an interest in the prompt resolution of their claims. Nothing about this result suggests Defendants' proposed deadline is practicable or appropriate under Rule 23.

## II. DEFENDANTS' REQUEST IS IMPLICITLY AN INAPPROPRIATE REQUEST TO BIFURCATE CLASS AND MERITS DISCOVERY.

However Defendants frame their request, it asks Plaintiffs to complete discovery relevant to class certification before completing merits discovery—the functional equivalent of a bifurcation motion. *See Burges v. BancorpSouth, Inc.*, No. 3:14-CV-1564, 2015 WL 13628132, at *2–*3 (M.D. Tenn. Oct. 26, 2015) (treating defendant's motion to set a deadline for class certification before discovery as a motion to stay merits discovery). But "courts are understandably reluctant to bifurcate discovery." *Lee v. Cincinnati Cap. Corp.*, No. 19-CV-12133, 2020 WL 4040652, at *4 (E.D. Mich. July 17, 2020) (citation omitted); *see also Nixon v. Anthem, Inc.*, No. 3:19-CV-00076-GFVT, 2021 WL 4037824, at *10 (E.D. Ky. Sept. 1, 2021) (noting "the Sixth Circuit's general admonition to defer the certification determination until after discovery") (citations omitted). Defendants bear the "heavy burden of making a strong showing" that Plaintiffs are not entitled to full merits discovery before seeking class certification. *Burges*, 2015 WL 13628132, at *4.

Courts in this Circuit routinely deny bifurcation of class and merits discovery where discovery related to class certification and the merits of the case are "closely enmeshed" or where bifurcation would not serve the interests of judicial economy. *Ballard v. Kenan Advantage Grp., Inc.*, No. 5:20-CV-1042-CEH, 2020 WL 4187815, at *1 (N.D. Ohio July 20, 2020) (citations omitted). Additionally, bifurcation should not be granted if it would prejudice the nonmoving

party. *Johnson v. Gulfport Energy Corp.*, No. 2:20-CV-1792, 2020 WL 4528824, at *4 (S.D. Ohio Aug. 5, 2020) ("'Although not routine,' courts bifurcate discovery 'if it serves judicial economy and does not unfairly prejudice any party.'") (quoting *Galloway v. Nationwide Mut. Fire Ins. Co.*, No. 3:09-CV-491-JDM, 2010 WL 3927815, at *1 (W.D. Ky. Oct. 5, 2010)). Here, the enmeshment of Plaintiffs' claims and their entitlement to class certification means that bifurcation would simply waste resources and delay resolution of this case, prejudicing Plaintiffs.

A. *Class Certification and the Merits of Plaintiffs' Claims Are Closely Enmeshed.*

Class discovery and merits discovery should continue to proceed concurrently where "the discovery relative to class issues and merits discovery will significantly overlap, thereby creating inefficiencies were the Court to bifurcate discovery." *McCluskey v. Belford High Sch.*, No. 09-CV-14345, 2011 WL 13225278, at *3 (E.D. Mich. Mar. 10, 2011); *accord Powell v. Oldham*, No. 2:16-CV-2907-SHM-TMP, 2020 WL 2801139, at *3 (W.D. Tenn. May 29, 2020) (noting that where "there is significant overlap between class and merits issues," bifurcation is not appropriate). The Sixth Circuit has recognized that, in class actions alleging municipal liability, the merits of the claim and the "commonality" inquiry under Rule 23 are largely overlapping. *See Powers v. Hamilton Cty. Pub. Def. Comm'n*, 501 F.3d 592, 619 (6th Cir. 2007). Such is the case here, where Plaintiffs have alleged that the class was subjected to constitutional violations pursuant to an official City policy ratifying or acquiescing to a pattern of force at protests over the summer and fall of 2020.

Plaintiffs' ability to pursue relief on behalf of a class will depend in part on "if class members complain of a pattern or practice that is generally applicable to the class as a whole." *Whitlock v. FSL Mgmt., LLC*, No. 3:10-CV-00562-JHM, 2012 WL 3274973, at *3 (W.D. Ky. Aug. 10, 2012), *aff'd*, 843 F.3d 1084 (6th Cir. 2016) (citation omitted). Establishing a common policy affecting all class members will necessitate discovery into the extent to which the response of the

Louisville Metropolitan Police Department ("LMPD") to protests can be attributed to the City. At a minimum, this will require discovery of all documentation regarding policymakers' knowledge of the use of force at protests as well as deposing named parties and other decisionmakers. Indeed, early discovery has already revealed the existence of a "war room," in which key LMPD officials—beyond the named parties—coordinated the City's response to the protests. At this early stage of discovery, it remains unclear precisely how LMPD policies were developed and carried out or by whom. It is clear, however, that discovery addressing these issues will be equally relevant to Plaintiffs' *Monell* claims and issues of class certification.

Defendants do not dispute that discovery into the City's liability will largely overlap with discovery needed for class certification purposes. Rather, Defendants acknowledge that "deposing the named parties is frankly key to making the motion," and that "Plaintiffs are "entitled to discovery with respect to our policy and procedures," before filing. Ex. A. Defendants concede that they "are not asking to drastically narrow the scope of discovery to *only* precertification issues." *Id.* In fact, to date, a year into the discovery process, Defendants have yet to identify what discovery could be relevant to the City's liability that would not bear on Plaintiffs' entitlement to proceed as a class. Their inability to do so is illustrative of the overall problem: class and merits discovery simply cannot be separated.

B.    *Bifurcation Would Waste the Parties' and the Court's Resources.*

Bifurcation would not advance any party's interests or the interests of judicial economy. The Federal Rules of Civil Procedure Advisory Committee Notes specifically caution against the "artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery'" that Defendants propose. Fed. R. Civ. P. 23(c)(1)(A) Advisory Committee Notes to 2003 amendment. Defendants have not identified what discovery could possibly be relevant to the

City's liability but not Plaintiffs' entitlement to proceed as a class. *See supra*, Section II(A). Absent

any agreement in advance delineating merits and class discovery:

> [b]ifurcation could well lead to a spate of disputes about whether information requested during discovery goes to the merits or the class issue. Resolving these disputes will take the time and other resources of the parties and the Court. This is a particular danger where, as here, there appears to be a considerable overlap between information relevant to whether a class should be certified and information relevant to the merits of this action.

*Back v. Chesapeake Operating, LLC*, No. 7:16-CV-192-KKC-EBA, 2020 WL 2537479, at *5

(E.D. Ky. May 19, 2020); *accord McCluskey*, 2011 WL 13225278, at *3 (denying motion where

"bifurcating discovery will likely lead to disputes over what is 'merit' discovery as opposed to

'class' discovery, resulting in needless motion practice."). Nor would bifurcation reduce the

burdens of discovery in any meaningful way. First, as Defendants concede, merits discovery—

including depositions and the document discovery already underway—is "frankly key" to

Plaintiffs' motion for class certification. Second, Defendants would not be shielded from engaging

in discovery as to the existence of a municipal policy regardless of the resolution of class

certification; "[e]ven if class certification is denied, the case may still proceed on behalf of

the…named plaintiffs only." *McCluskey*, 2011 WL 13225278, at *3; *accord Lee,* 2020 WL

4040652, at *3 (denying bifurcation as "counterproductive in delaying the progress of the suit,"

where case would continue absent certification) (citation omitted). Third, an order defining the

class would not define the limits of discovery on the merits in any meaningful way. *Cf. Beach v.*

*Healthways, Inc.*, 264 F.R.D. 360, 363 (M.D. Tenn. 2010) (denying bifurcation even where,

"without a stay, the defendants will be subject to discovery related to a class period of 14 months,

which might later be narrowed to as few as five").

Defendants acknowledge that neither proposed scheduling order would relieve their clients

from engaging in merits discovery, writing "whether we are engaged in merit discovery is not the

prejudice to which I referred." Ex. A. Rather, Defendants assert that their concern is with "the delay in certification itself." *Id.* Yet, delay alone is not sufficient. *See USA Serv. Fin., LLC v. Barrett*, No. 5:18-CV-110-TBR, 2019 WL 1320516, at *3 (W.D. Ky. Mar. 22, 2019) (granting leave to amend, since assertion of "delay must have [also] resulted in prejudice") (citing *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986)). The Sixth Circuit has cautioned that decisions on class certification are "inherently tentative" and subject to change before final judgment. *Lyngaas*, 992 F.3d at 429.

Further, any perceived delay in filing for class certification is directly attributable to Defendants. The original fact discovery deadline was July 1, 2021. DN 40. Had Defendants met their obligation to timely produce documents responsive to Plaintiffs' November 25, 2020, discovery requests, a motion for class certification could have already been resolved on a complete evidentiary record.

## CONCLUSION

For the reasons stated above, Plaintiffs request that the motion for class certification be due on April 1, 2022—one month after the close of discovery.

Dated November 5, 2021                              Respectfully submitted,

                                                   /s/ Heather Gatnarek
                                                   Corey Shapiro
                                                   Heather Gatnarek
                                                   ACLU OF KENTUCKY FOUNDATION, INC.
                                                   325 W. Main St. Suite 2210
                                                   Louisville, KY 40202
                                                   (502) 581-9746
                                                   corey@aclu-ky.org
                                                   heather@aclu-ky.org

Ashok Chandran\*
Christopher Kemmitt\*
Ajmel Quereshi\*
Kristen Johnson\*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
Fax.: (212) 226-7592
achandran@naacpldf.org
ckemmitt@naacpldf.org
aquereshi@naacpldf.org
kjohnson@naacpldf.org

Earl S. Ward\*
O. Andrew F. Wilson\*
Samuel Shapiro\*
Andrew K. Jondahl\*
EMERY CELLI BRINCKERHOFF ABADY WARD
& MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000
eward@ecbawm.com
awilson@ecbawm.com
sshapiro@ecbawm.com
ajondahl@ecbawm.com

*Counsel for Plaintiffs*
*\*admitted pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on November 5, 2021, the above document was filed with the CM/ECF filing system, which electronically served a copy to all counsel of record.

/s/ Heather Gatnarek
Heather Gatnarek