# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| ATTICA SCOTT, CORBIN SMITH, KAYLA MEISNER, TYLER WEAKLEY, STEVIE SCHAUER, WILLA TINSLEY, PATRICK MOORE, and the KENTUCKY ALLIANCE AGAINST RACIAL AND POLITICAL REPRESSION, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT, GREG FISCHER, ROBERT SCHROEDER, LaVITA CHAVOUS, and LOUISVILLE METROPOLITAN POLICE DEPARTMENT OFFICER "J." JOHNSON, LOUISVILLE METROPOLITAN POLICE DEPARTMENT OFFICERS JOHN DOES #1-#15 and JANE DOE #1,<br><br>    Defendants. | Civil Action No. 3:20-cv-0535 (BJB) (CHL) |

## SECOND AMENDED NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs, by and through their attorneys, will conduct a deposition of the Defendant Louisville/Jefferson County Metro Government ("City" or "Defendant") by oral examination. The deposition will take place on **[DATE] at 10:00 a.m. ET** and will continue from day to day, or according to a schedule mutually agreed upon by the parties, until completed. The deposition will be recorded stenographically by a certified court reporter and may be recorded by video and audio by a certified videographer.

Pursuant to Rule 30(b)(6), the City shall designate one or more of its officers, directors, or agents to testify on its behalf concerning the topics listed in Appendix A hereto. At its earliest convenience, but in no event less than seven (7) days before any session of this deposition, the City shall identify to Plaintiffs the name or names of any witnesses who will serve as a designee of the City on such session, as well as the particular topics about which such witnesses shall testify.

Dated: November 15, 2024

                                              NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.

/s DRAFT
Catherine Logue
40 Rector Street, 5th Fl.
New York, NY 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
clogue@naacpldf.org

# AMENDED APPENDIX A

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the City shall designate one or more of its officers, directors, or agents to testify on its behalf about the topics listed below. Unless otherwise specified, the time frame for each of these topics shall be May 18, 2020, through November 25, 2020. In other words, the designee should be prepared to testify regarding each topic: (1) based on information that was current as of May 18, 2020, as well as any subsequent changes made to policies, procedures, or data maintained by the department through November 25, 2020.

## City Organizational Structure

1. The chain of command in the City, including the reporting and command structures at the Louisville Metropolitan Police Department ("LMPD"), the Division of Public Safety, and the Mayor's Office;

2. The circumstances under which the Emergency Operations Center ("EOC") is convened in the City, including the kinds of decisions made in the EOC and who is empowered to make them.

## Tracking of Crowd Control Devices

1. All crowd control devices employed by LMPD to respond to mass events;

2. The procedures for ordering and restocking all crowd control devices employed by LMPD;

3. ~~The~~ LMPD policy governing the approval process and documentation requirements for deployment of each type of crowd control device during the summer of 2020;

4. ~~The process~~LMPD policy governing the process for keeping inventory of crowd control devices in 2020;

5. Any reviews or assessments conducted by the City or LMPD regarding the amount or extent of crowd control device usage.

## LMPD Internal Oversight Mechanisms

1. All circumstances in which LMPD officers must prepare an Administrative Incident

   Report, an After Action Report, a Personnel Accountability Report, or a Property Damage Report;

2. The operations of LMPD's Professional Standards Unit ("PSU"), including:

   a. Minimum qualifications for hiring PSU investigators;

   b. Training provided to PSU investigators for investigating excessive force complaints; complaints specific to protests, civil disturbances, or other mass events; or complaints related to First Amendment rights;

   c. How PSU investigations may be opened;

   d. LMPD policy governing the ~~The~~ process for conducting a PSU investigation, including all investigative steps involved;

   e. ~~The~~LMPD policy governing the process for reviewing and closing a PSU investigation, including any imposition of discipline;

   f. The investigative steps and conclusions of all PSU investigations identified by the City as related to LMPD's response to protests in its responses to Plaintiffs' interrogatories.

3. The operations of LMPD's Professional Integrity Unit ("PIU"), including:

   a. Minimum qualifications for hiring PIU investigators;

   b. Training provided to PIU investigators for investigating excessive force complaints, complaints specific to civil disturbances, or complaints regarding other mass events;

   c. How PIU investigations may be opened;

   d. ~~The~~ LMPD policy governing the process for conducting a PIU investigation, including all investigative steps involved;

   e. ~~The~~ LMPD policy governing the process for reviewing and closing a PIU investigation, including any imposition of discipline;

   f. The rules governing cooperation between PIU investigations and investigations opened by other law enforcement agencies, such as the Federal Bureau of Investigations ("FBI").

4. Any other mechanisms by which the City conducted investigations into excessive force complaints, complaints specific to civil disturbances, or complaints regarding other mass events and imposed any discipline as a result.

**Training of Officers**

1. All training mandated for or made available to LMPD officers concerning responding to protests, civil disturbances, or other mass events;

2. All training mandated for or made available to the Special Response Team within LMPD, concerning responding to protests, civil disturbances, or other mass events;

3. All training mandated for or made available to LMPD officers concerning the use of any crowd control devices;

4. All trainings, guidance, or other materials developed or provided to LMPD officers in preparation for anticipated protests in 2020;

**Documentation**

1. All documentation completed concerning the decision to order dispersal of protests between May 28, 2020, and November 25, 2020, including all requests for approval and authorizations for such decisions;

2. All documentation completed concerning the decision to use crowd control devices on people at protests between May 28, 2020, and November 25, 2020, including all documentation of requests for approval and authorizations for such decisions;

3. All documentation completed concerning damages to property caused by protestors between May 28, 2020, and November 25, 2020;

4. All documentation completed concerning injuries to officers caused by protestors between May 28, 2020, and November 25, 2020;

5. All planning documents created during or in preparation for protests between May 1, 2020 and November 25, 2020, including Incident Action Plans, and the authors and chain of review for the same.

**Participation in This Litigation**

1. The City's efforts to retain and search for responsive documents in its data stores, including cell phones provided by the City to LMPD officers;

2. All interrogatory responses served by both the City and LMPD.