EXHIBIT C



Advancing racial
justice since 1940

December 20, 2024

<u>Via E-mail</u>

Bruce Paul
McBRAYER PLLC
500 West Jefferson Street
Louisville Kentucky, 40202
bpaul@mcbrayerfirm.com

Re:     ***Attica Scott, et al. v. Louisville/Jefferson County Metro Government, et al.*, No. 3:20-CV-0535**

Dear Bruce,

Thank you for your letter. We are confirming receipt of a production and amended privilege log this afternoon. We are working to upload those materials and will plan to review both promptly to facilitate the next steps in the conferral process. We can confirm that we do have PSU 20-50. Unfortunately, we are not able to locate PSU 20-104 and appreciate you including that file in an upcoming production, if you have not done so already. In the meantime, we wanted to provide a reply regarding the remaining questions and concerns pertaining to the privilege log and the 30(b)(6) testimony.

## (1) Privilege Log

As promised, we will work to ensure that all remaining concerns are reflected in the amended privilege log now that we have received it, so that we can meet and confer more easily moving forward. That said, in the interest of not causing further delay, we are enclosing here a handful of concerns raised by our review of the redacted production:

L0303694 – This document appears to be in the family of documents referenced in our earlier letter regarding privilege log deficiencies. We are concerned that the document appears to be withheld despite having been described as "an evolving document, which will incorporate other collective ideas from those sessions [between LMPD and the community]." L0303692, at *1

L0304517 – This document appears to be an email between non-attorneys w/ attorneys simply cc'd, yet a portion of that email is redacted.

L0304906 and L0304908 – The asserted privilege is "attorney client communications and work product re protest response," but formulation of response to protesters is more akin to a use of force policy than attorney work product, and the information was widely disseminated suggesting it was not providing specific legal advice.

L0306394 and L0306396 – These documents appear to relate to LRAD Speaker system acquisition/possible policy for use at protests as opposed to legal advice.

L0306723 – This document, titled "LMPD Response to Civil Unrest.07.10.20.pdf", is an attachment to an only sightly redacted email (L0306721), and appears to be a final LMPD response circulated to Metro Council members 07/10/20 (described as an "evolving guiding document, which



Advancing racial justice since 1940

will incorporate other collective ideas from those sessions [between the police and the community]").

L0305031 – This document, entitled "Graham v. Connor.pptx," appears to be a PowerPoint presentation used to train officers or Department staff on the applicable legal standards for excessive force. If so, it would be discoverable as a training document pertaining to the use of force and would not be attorney work product. Please confirm whether that is the case or whether we are misunderstanding the nature of this document.

We appreciate your attention to these documents which raise questions as to whether they may have been inadvertently withheld. We are happy to discuss further once we review the full log and hope to be able to resolve these remaining concerns promptly.

**(2) SOP Amendment Process**

Thank you as well for sharing the proposed designation for Chief Schoeder's testimony regarding the general process for amending the Standard Operating Procedures. We did want to clarify two things on this topic:

First, the pin cites provided appear to correspond with the rough transcript. If that is correct, we understand you to be designating the testimony from 89:21–93:18 and 94:4–95:8 in the final transcript. Please let us know if we are misunderstanding this designation.

Second, we see that this designation does not include the portion of Chief Schroeder's testimony cited in Defendants' prior briefing to this Court regarding the process for *amending* the Standard Operating Procedures (113:12–124:7). Please confirm whether these designations are intended to supplement and not replace those cited portions as the City's testimony.

**(3) Revised 30(b)(6) Topics**

Regarding the revised 30(b)(6) topics, thank you for outlining your remaining concerns and we appreciate your agreement to designate a witness to testify about Topics B (1, 2, 3, & 4); C (1); E (3 & 4); and F (1). While we continue to welcome the opportunity to meet and confer regarding your remaining concerns, we did think it might be helpful to respond in writing to what we understand to be your primary concerns:

First, Defendants categorical refusal to make a witness or witnesses available "for the full seven hours" is inconsistent with the Federal Rules of Civil Procedure and with our understanding of the process we agreed to nearly a year ago when we began our negotiations around the limited 30(b)(6) notice. As you know, the Rules allow for one day of seven hours for each deposition, Fed. R. Civ. Proc. 30(d)(1), and state explicitly that "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition," Fed. R. Civ. Proc. 30 advisory committee's note to 2000 amendment. Each witness you designate to testify must therefore be made available for seven hours of testimony, absent court order or stipulation otherwise.

**A. City Organizational Structure**

We are in the process of evaluating whether Metro Louisville's designations of the testimony of Mayor Fischer and Chief Schroeder will resolve our need to seek further testimony from the City regarding the chain of command and Emergency Operations Center and/or to what extent we may be able to

LDF Legal Defense Fund

Advancing racial justice since 1940

narrow those topics in view of these designations. To that end, please confirm that these page numbers all correspond to the final transcripts for both depositions. Plaintiffs' initial review indicates that they do, but we want to ensure that there is no confusion here.

## B. <u>Tracking of Crowd Control Devices</u>

Regarding the objections raised to Topic B (5), we want to reassure you that this topic seeks information about what type of review might be done following the use of crowd control devices, including incident reviews, logs and accounting of how many devices were used, and any other retrospective report that may be completed. We hope that clarification resolves this objection.

## C. <u>Relevance Objections (Topics C (2, 3, & 4) and Topic D)</u>

Regarding your objections related to the relevance of Topics C (2, 3, & 4) (LMPD Internal Oversight and Mechanisms) and Topic D (Training of Officers), Plaintiffs do not agree with Defendants' assessment of the relevance of investigations into and training regarding protest response during the relevant period. As we have outlined in prior briefing, this position fundamentally mischaracterizes our theories of liability and misapplies the holding of *Pineda v. Hamilton Cnty., Ohio*. Moreover, this Court has repeatedly made clear that these investigations are relevant to the claims and defenses raised in this case. Under the circumstances, we therefore cannot agree to remove these topics from our notice. Likewise, the training that officers received regarding protest response is plainly relevant to understanding the policies in force during the summer of 2020 and how officers were trained to interpret and apply those policies, and for those reasons, has long been the subject of discovery in this case. (Indeed, this objection appears to have been raised for the first time last week.) Plaintiffs have significantly narrowed our requests on both topics to address Defendants' previously stated concerns regarding scope and burden. While we continue to welcome Defendants to propose a limiting construction that would satisfy their concerns, we are unable to offer further compromise here.

## D. <u>Burden Objections (Topic D, Topic E, and Topic F)</u>

Finally, we understand your remaining objections to Topic D (Training of Officers), Topic E (Documentation), and Topic F (2) ("All interrogatory responses served by both the City and LMPD") to be objections based on burden. As you know, a Rule 30(b)(6) designee "must 'review all matters known or reasonably available to the corporation in preparation for the deposition, even if the documents are voluminous and burdensome to review.'" *MD Auto Grp., LLC v. Nissan N. Am., Inc., No.* 1:21- CV-01584-CEF, 2023 WL 3251218, at *4 (N.D. Ohio May 4, 2023). Again, we are open to discussing a further narrowing construction which might alleviate these concerns if the City would like to review the categories of documentation which they understand to be covered by this request and propose alternative language.

Please let us know how you wish to proceed. As always, we are happy to find time to talk if it would be easier to do so.

*    *    *

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200



Advancing racial
justice since 1940

Sincerely,

Corey Shapiro
ACLU OF KENTUCKY FOUNDATION
325 W. Main St. Suite 2210
Louisville, KY 40202
(502) 581-9746
corey@aclu-ky.org

Catherine Logue*
Christopher Kemmitt*
Gabriel Diaz*
NAACP LEGAL DEFENSE &
EDUCATIONAL FUND, INC.
40 Rector St., 5th Floor
New York, NY 10006
(212) 965-2200
clogue@naacpldf.org
ckemmitt@naacpldf.org
gdiaz@naacpldf.org

Samuel Shapiro*
EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000
sshapiro@ecbawm.com

*Counsel for Plaintiffs*
*\*admitted pro hac vice*

40 Rector Street
5th Floor
New York, NY 10006

700 14th Street NW
Suite 600
Washington, DC 20005

naacpldf.org
212-965-2200