# EXHIBIT D

Case 3:20-cv-00535-BJB-CHL    Document 215-5    Filed 01/10/25    Page 1 of 3 PageID #: 2656

WILLIAM G. CARROLL
(502) 327-5400
wcarroll@mcbrayerfirm.com



500 WEST JEFFERSON STREET
SUITE 2400
LOUISVILLE, KENTUCKY 40202

January 8, 2025

***VIA EMAIL***
Catherine Logue
Legal Defense Fund
40 Rector St., 5th Floor
New York, NY 10006
clogue@naacpldf.org

Corey Shapiro
Legal Director
ACLU of Kentucky
325 W. Main St. Suite 2210
Louisville, KY 40202
corey@aclu-ky.org

      Re:    *Attica Scott, et al. v. Louisville/Jefferson County Metro Government*
             *USDC, Western District of Kentucky, Case No.: 3:20-CV-00535*

Dear Corey and Cate:

      We are in receipt of your response letter dated December 20, 2024. We will attempt to address each of your concerns below.

**PSU 20-104**

      PSU 20-104 was produced to you on October 27, 2022.

**Privilege Log**

      Metro Louisville has reviewed the Bates numbered documents you identified and will be making a production of most of the documents you identified including L0303694, L0306394, L0306396, L0306723, and L0305031. The only exceptions are L0304517, which was already produced in Metro's December 20, 2024, production, and L0304906 and 908. Metro stands by its position on L0304906 and 908, as the email and attachment contain legal options of police officers in given situations, as directed by the office of LMPD's legal officer. Metro Louisville views it as work product that was disseminated among need-to-know employees. We are happy to produce these documents for an *in camera* review by Judge Lindsay for ruling.

**SOP Amendment Process**

      As to the designation of Chief Schroeder's testimony on SOP's, you are correct in your understanding that Metro is designating 89:21-93:18 and 94:4-95:8 in the final transcript of Chief Schroeder's deposition.

Page 2

In addition, Metro also designates 113:12-117:5 in the final transcript of Chief Schroeder's deposition for testimony on the general process for amending SOPs. This testimony is intended to supplement 89:21-93:18 and 94:4-95:8.

**Revised 30(b)(6) Topics**

Finally, as to the revised 30(b)(6) topics, we appreciate your responses. As to the length of the deposition, we reviewed the same advisory committee notes as you and took note of a different provision:

> In cases in which the witness will be questioned about numerous or lengthy documents, it is often desirable for the interrogating party to send copies of the documents to the witness sufficiently in advance of the deposition so that the witness can become familiar with them. Should the witness nevertheless not read the documents in advance, thereby prolonging the deposition, a court could consider that a reason for extending the time limit. If the examination reveals that documents have been requested but not produced, that may justify further examination once production has occurred.

Fed R. Civ. P. 30(d)(1) advisory committee note 2000 Amendment. This note encourages Plaintiffs to provide Metro with the relevant documents that you intend to cover in your 30(b)(6). Such a recommendation seems appropriate here where Metro's stated concern for most of the topics is the sheer volume of material that its designee(s) will have to cover to prepare in a manner that Plaintiffs will deem adequate. We would encourage you to take that step, which may help bridge the gap on some of these issues.

Regarding the City Organizational Structure topics, we are confirming that the page numbers identified in the December 13, 2024 letter correspond to the final transcripts of both depositions.

On the remaining topics, we are simply too far apart on what we consider to be a reasonable scope. Metro will be seeking relief from the Court regarding the topics in your Second Amended Notice of Deposition dated November 15 that it (1) did not designate testimony for or (2) agree to designate a witness.

Sincerely,

William Carroll

cc: Bruce B. Paul