**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE**
**CASE NO. 3:20-cv-535-BJB-CHL**

**ATTICA SCOTT,** *et al.*                                                                                             **PLAINTIFFS**

**v.**                                               *Electronically Filed*

**LOUISVILLE/JEFFERSON COUNTY METRO**
**GOVERNMENT,** *et al.*                                                      **DEFENDANTS**

**\*\*\* \*\*\* \*\*\* \*\*\***

**METRO'S RESPONSE TO PLAINTIFFS' MOTION FOR *IN CAMERA* INSPECTION OF DOCUMENTS WITHHELD ON PRIVILEGE GROUNDS, OR, IN THE ALTERNATIVE, AN ORDER COMPELLING DEFENDANTS TO PRODUCE A REVISED PRIVILEGE LOG [ECF 216]**

      Defendants, Louisville/Jefferson County Metro Government, Greg Fischer, Robert Schroder, and LaVita Chavous, (collectively, "Defendants") do not oppose Plaintiffs' motion.

      Plaintiffs' motion is misguided, however, in labeling the privilege log as inadequate. Not only does the privilege log adequately and accurately provide sufficient information for Plaintiffs and the Court to address and confirm their privileged status, but each of the identified documents fall squarely and comfortably within the realm of protected privileged documents. AH00293199, 294279, and 294290, for example, all contain attorney-client and work product privilege designations and further inform that the subject matter is "camping on public property" and list virtually every member of the Jefferson County Attorney's Office and major-level and above members of the Louisville Metropolitan Police Department. (ECF 216-4 at PageID #:2774.) The other entries similarly provide all the information required so long as the reader takes all the columns together.

      While Metro takes no issue with an *in camera* review, it is obligated to respond to Plaintiffs specific issue with descriptions in the privilege log indicating communications on policy changes

and protest response. (*See* ECF 216 at PageID #: 2751.) Plaintiffs cite *ACLU v. Dep't of Justice*, No. 15 CIV. 1954 (CM), 2016 WL 889739, at *1 n.1 (S.D.N.Y. Mar. 4, 2016) for the argument that Metro's descriptions are inadequate. (*Id.*) As acknowledged in the parenthetical from Plaintiffs' brief, that case states only that final policy documents are typically not exempt under attorney client privilege. The other cases cited by Plaintiffs, *Falcone v. Internal Revenue Serv.*, 479 F. Supp. 985, 988–89 (E.D. Mich. 1979) and *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 867–68 (D.C. Cir. 1980), stand for that same proposition. However, the withheld documents are attorney-client privileged communications related to discussions on policy, not "final policy documents" as Plaintiffs seem to suggest. Plaintiffs also cite *Hartford Cas. Ins. Co. v. Calcot, Ltd.*, No. 207-cv002405, 2009 WL 10699695, at *5 (W.D. Tenn. Apr. 7, 2009), which minutes of board meetings. None of the documents withheld have anything to do with board meeting minutes. In sum, those cited cases deal with documents unlike the privileged documents here and, regardless, are not binding on this Court in this matter.

Lastly, Plaintiffs have identified three documents that need no review. First, Metro already produced AH00292821 at Bates L0308644 on December 20, 2024. Second, Metro has elected to produce AH00294466 and the attached documents without prejudice to any other emails or documents for which it has asserted attorney-client privilege. Third, L0305044 is being produced in redacted form rather than withheld, with the legal advice from attorney Dennis Sims to client James Cirillo and then-Lt. Ciriollo's relay of that legal advice to majors redacted.

In sum, Metro stands by its privilege log descriptions and disagrees with the conclusions drawn and accusations made in Plaintitffs' motion. But Metro will produce the documents for *in camera* review as ordered by the Court.

Respectfully submitted,

*/s/ Bruce B. Paul*
BRUCE B. PAUL
WILLIAM G. CARROLL
McBrayer PLLC
500 West Jefferson Street, Suite 2400
Louisville, Kentucky 40202
Phone: (502) 327-5400
bpaul@mcbrayerfirm.com
wcarroll@mcbrayerfirm.com
**Counsel for Defendants**

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2025, the foregoing was electronically filed with the Clerk of the Court using CM/ECF which will send notice of electronic filing to the registered counsel.

*/s/ Bruce B. Paul*
**Counsel for Defendants**