## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Kelly L. Stephens<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: March 18, 2025

Mr. Corey M. Shapiro
ACLU of Kentucky
325 W. Main Street
Suite 2210
Louisville, KY 40202

Re:  Case No. 24-0501, *In re: Attica Scott, et al*
Originating Case No. 3:20-cv-00535

Dear Counsel,

The Court issued the enclosed Order today in this case.  Judgment to follow.

Sincerely yours,

s/Robin L Baker
Case Manager
Direct Dial No. 513-564-7014

cc:  Mr. Ashok Chandran
     Mr. Christopher Eberhart Kemmitt
     Ms. Catherine Logue
     Mr. Charles Edward Monarch
     Mr. James J. Vilt Jr.
     Ms. Katherine Kilkeary Yunker

Enclosure

No mandate to issue

No. 24-0501

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 18, 2025
KELLY L. STEPHENS, Clerk

In re: ATTICA SCOTT, et al.,           )
                                       )      O R D E R
                    Petitioners.       )

Before: COLE, GRIFFIN, and NALBANDIAN, Circuit Judges.

Plaintiffs Attica Scott, Corbin Smith, Kayla Meisner, Tyler Weakley, Stevie Schauer, Willa Tinsley, Patrick Moore, and the Kentucky Alliance Against Racial and Political Repression petition under Federal Rule of Civil Procedure 23(f) for permission to bring an interlocutory appeal from the district court's order denying their motion to certify a class action for the sole purpose of obtaining an injunction. Plaintiffs' civil rights suit challenges the Louisville Metropolitan Police Department's ("LMPD") use of force via crowd-control weaponry against nonviolent protestors during the summer of 2020. Defendants Louisville/Jefferson County Metro Government, Louisville Mayor Greg Fischer, Interim LMPD Chief Robert Schroeder, and Assistant LMPD Chief LaVita Chavous respond in opposition.

Plaintiffs seek three principle forms of relief: (1) damages for LMPD's past use of crowd-control weaponry against them; (2) an injunction prohibiting LMPD from using crowd-control weaponry against them in the future; and (3) an injunction, under Rule 23(b)(2) and on behalf of a class of similarly situated individuals, prohibiting LMPD from using crowd-control weaponry on nonviolent protestors in the future and requiring LMPD to promulgate official policies restricting the use of crowd-control weaponry to specific situations. The district court denied Plaintiffs' motion to certify that injunctive class under the doctrine of "prudential mootness." It

explained that LMPD had voluntarily amended its policies, making those policies substantially similar to the injunctive relief Plaintiffs seek.

Under Rule 23(f), we are "given unfettered discretion whether to permit the appeal, akin to the discretion exercised by the Supreme Court in acting on a petition for certiorari." *In re Delta Air Lines*, 310 F.3d 953, 957 (6th Cir. 2002) (per curiam) (quoting Fed. R. Civ. P. 23, advisory committee's note to 1998 amendment). Still, a "Rule 23(f) appeal is never to be routine." *Id.* at 959. "[W]e eschew any hard-and-fast test in favor of a broad discretion to evaluate relevant factors that weigh in favor of or against an interlocutory appeal." *Id.* Those factors include: (1) whether "the certification decision turns on a novel or unsettled question of law"; (2) whether the movants can "demonstrate some likelihood of success in overturning the class certification decision"; (3) whether refusing review amounts to a "death-knell"—where certification effectively terminates the litigation by "plac[ing] undue pressure on the defendant to settle" rather than risk trial; and (4) whether the posture of the case in the district court gives "an indication that the district court will reexamine the certification decision following discovery." *Id.* at 957, 960.

Although we recognize that the application of prudential mootness in the context of class certification for injunctive relief is a novel issue of law, at this juncture, Plaintiffs have not shown a likelihood of success in challenging the district court's order. Rule 23(b)(2) requires that injunctive relief be "appropriate respecting the class as a whole." We have previously observed that when individual relief would "accrue to the benefit of others similarly situated," "no useful purpose would be served by permitting this case to proceed as a class action." *Craft v. Memphis Light, Gas & Water Div.*, 534 F.2d 684, 686 (6th Cir. 1976) (cleaned up), *aff'd*, 436 U.S. 1 (1978). Such appears to be the case here. Plaintiffs seek an injunction requiring LMPD to promulgate new policies regulating its use of crowd-control weapons against any person. Thus, there is no

No. 24-0501
-3-

meaningful difference between forcing that policy change to protect Plaintiffs and forcing the change to protect putative class members—the relief is coterminous.

Because "the class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (cleaned up), it is not an abuse of discretion to conclude that class treatment is inappropriate where certification is not necessary to obtain class-wide relief. And so long as Plaintiffs remain able to pursue that relief on their own behalf, neither the death-knell factor nor the procedural posture of the case justifies an immediate appeal.

Accordingly, the petition for permission to appeal is **DENIED**.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk