UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:20CV-535-BJB

**ATTICA SCOTT, et al.,**                                                                  **Plaintiffs,**

v.

**LOUISVILLE JEFFERSON COUNTY METRO GOVERNMENT, et al.,**     **Defendants,**

## ORDER FOR SETTLEMENT CONFERENCE

A settlement conference in this action is set for **Wednesday, April 23, 2025**, at **9:30 A.M. Eastern Time** at:

Chambers of Magistrate Judge Colin H. Lindsay
Gene Snyder United States Courthouse, Room 201
601 W. Broadway
Louisville, Kentucky, 40202

**Counsel shall review the entirety of this order. Counsel shall further send a copy of the order and discuss the order in detail with his or her client(s), as well as any persons required to attend the settlement conference (*see* Part II, *infra*). Anyone who fails to comply with any provision of this order may be subject to the full range of sanctions authorized by law.**

I.     **CONFIDENTIAL SETTLEMENT STATEMENT**

        1.     <u>Deadline and manner of submission</u>. Each party shall submit a confidential settlement statement as a PDF attachment by email to **chambers_lindsay@kywd.uscourts.gov**. The subject line of the email shall include the party's name, case number, and the phrase "confidential settlement statement." The party's confidential settlement statement is due **no later than seven (7) days** before the settlement conference.

        2.     <u>Failure to timely submit</u>. If any party fails to timely submit its confidential settlement statement, the Magistrate Judge may reschedule the settlement conference and may assess against the responsible party all costs incurred as a result of rescheduling.

        3.     <u>Contents of confidential settlement statement</u>. The confidential settlement statement shall contain: (a) the name, employer and title of each person who will attend; (b) specific recitation of the facts; (c) discussion of the strengths *and weaknesses* of the case; (d) the party's position on settlement, including a present

      settlement proposal; (e) settlement efforts to date, including the most recent offers/demands from all parties; and (f) a statement regarding whether any insurance agreement exists under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

4.    <u>Candor in confidential settlement statement</u>. Each party shall be candid in its confidential settlement statement. The confidential settlement statement will not become part of the case file, be filed with the Clerk, or be provided to the other parties in the case.

5.    <u>Attachments to confidential settlement statement</u>. Each party shall attach to the confidential settlement statement copies of any documents not already part of the court file that it believes important for the Magistrate Judge's understanding of the case.

## II.   PARTICIPATION AT THE SETTLEMENT CONFERENCE

Unless the Court grants an exception to this Order (see Paragraph (IV)(1) below), the following individuals ***shall*** be present in person at the settlement conference.

1.    <u>Lead counsel</u>. Counsel who will actually try the case shall attend in person.

2.    <u>Each natural person party</u>. Each natural person party shall attend in person, regardless of his or her settlement position and/or whether he or she is covered by an applicable insurance policy or otherwise indemnified.

3.    <u>Each entity party</u>. Each entity party (*e.g.*, corporation, LLC, government, etc.) shall attend in person through an authorized party representative employed by the party **regardless of its settlement position and/or whether it is covered by an applicable insurance policy or otherwise indemnified**.[1]

      The party representative must have **full settlement authority**. The party representative must be **fully authorized** to approve a settlement and must have the authority to **change** the party's valuation of the case and the party's settlement posture **during the course of the settlement conference**. A party violates this Order by, among other things, sending to the settlement conference a party representative who has a "cap" or limit to his or her authority, or who requires consultation with or permission from anyone not present in person at the settlement conference to make or respond to an offer or demand. *See Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987). A party representative who must "call the home office" for permission to accept an offer does **not** have full settlement authority within the meaning of this Order.

---

[1] To be "employed by the party" within the meaning of this Order, the party representative shall be an employee of the party and shall not be specially employed by the party for purposes of representing it at the settlement conference.

4. <u>Insurance carrier representative, if applicable</u>. An authorized representative of any insurance carrier that may be liable for all or part of a possible judgment shall attend in person. *See* Fed. R. Civ. P. 26(a)(1)(iv). The authorized representative shall be employed by the insurance carrier and shall not be an individual specially employed for the purposes of representing the insurance carrier at the settlement conference.

    The insurance carrier representative must have **full settlement authority**. The insurance carrier representative must be **fully authorized** to approve a settlement and must have the authority to **change** the insurer's valuation of the case and the carrier's settlement posture **during the course of the settlement conference**. A party and/or an insurance carrier violate this Order by, among other things, sending to the settlement conference an insurance carrier representative who has a "cap" or limit to his or her authority, or who requires consultation with or permission from anyone not present in person at the settlement conference to make or respond to an offer or demand. *See Lockhart v. Patel*, 115 F.R.D. 44 (E.D. Ky. 1987). An insurance carrier representative who must "call the home office" for permission to accept an offer does **not** have full settlement authority within the meaning of this Order. **<u>The participation of a third-party administrator employed by an entity other than the insurance carrier does not satisfy the provisions of this Order</u>**.

5. <u>No other means of remote participation</u>. Unless specifically authorized in advance by the undersigned, all parties must participate in the conference in person. Participation by telephone, through a video conferencing platform, or other remote means is not permitted.

## III. PREPARATION FOR THE SETTLEMENT CONFERENCE

1. Counsel shall confer with their client(s), client representative(s) and/or insurer(s) before the settlement conference to explore the party's settlement position. The Court encourages the parties to exchange settlement proposals before the settlement conference.

2. All persons in attendance at the settlement conference shall be prepared to discuss liability and damages in detail, with reference if necessary to supporting documents and case law.

3. If any recovery may be subject to a lien asserted by a person who is not a party to the case, plaintiff and plaintiff's counsel must be prepared to negotiate a settlement of the case that includes satisfaction or settlement of said lien. If any recovery may be subject to a Medicare or Medicaid lien, Plaintiff's counsel must bring to the settlement conference a copy of a conditional lien letter from the Centers for Medicare and Medicaid Services.

## IV. SCHEDULING AND SPECIAL CIRCUMSTANCES

1. <u>Exception to this Order</u>. If a party believes that special circumstances justify an exception to this Order, counsel for that party must contact the Magistrate Judge's

        Chambers by email to **chambers_lindsay@kywd.uscourts.gov** at least **fourteen (14) days** before the date of the scheduled settlement conference. The Magistrate Judge will only grant an exception to this Order for extraordinary circumstances. No exception will be effective until it has been approved by the Court and entered into the record.

2. *Ex parte* communications. A party requesting an exception to this Order may contact Judge Lindsay's chambers to schedule an *ex parte* call regarding the requested exception. Additionally, all counsel are advised that Judge Lindsay may conduct *ex parte* calls in advance of the settlement conference regarding attendance at the conference, the party's valuation of the case, and other matters related to settlement only.

3. <u>Length of settlement conference</u>. While the Court will be respectful of the time and other commitments of all participants in the settlement conference, the Court maintains sole discretion as to when the settlement conference will be adjourned or terminated. Accordingly, all participants in the settlement conference shall make travel and accommodation arrangements with the understanding that those plans may have to change.

4. <u>Rescheduling settlement conference</u>. Absent exigent circumstances, *e.g.*, sudden illness or incapacity of a participant, any party seeking to reschedule the settlement conference must file a written motion to that effect. That motion must include a statement as to the special circumstance that justifies rescheduling the settlement conference. This written motion is at least ***fourteen (14) days*** before the date of the scheduled settlement conference.

5. <u>Emergency preventing attendance</u>. Should an emergency arise that prevents anyone described in Section II, above, from attending the settlement conference in person, counsel shall make reasonable efforts to confer with opposing counsel and shall contact Theresa Burch by phone at 502-625-3546. If Ms. Burch is not available, counsel shall jointly contact Magistrate Judge Lindsay's chambers at 502-625-3660.

## V.    CONFIDENTIALITY

Offers, demands, and communications between the parties and/or the Magistrate Judge during the settlement conference are confidential. They shall not be referenced in any court filing and shall not be disclosed to any person who is neither a participant in the settlement conference, a party to the lawsuit, nor a member of a party's legal team.

IT IS SO ORDERED.

*[Signature]*

Colin H Lindsay, Magistrate Judge
United States District Court

cc: Counsel of record

March 25, 2025